**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**#58-2**

**CIVIL MINUTES - GENERAL**

| Case No. | CV 06-2831 PSG (JTLx) | Date | July 28, 2009 |
|---|---|---|---|
| Title | Debra Letvinuck v. Aetna Life Insurance Company | | |

| Present: | The Honorable Philip S. Gutierrez, United States District Judge |
|---|---|

| Wendy K. Hernandez | Not Present | n/a |
|---|---|---|
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiff(s): | Attorneys Present for Defendant(s): |
|---|---|
| Not Present | Not Present |

**Proceedings:**     **(In Chambers) Order Denying Plaintiff's Motion for Leave to Conduct Discovery**

   Pending before the Court is Plaintiff's motion for leave to conduct discovery. The Court finds the matter appropriate for decision without oral argument. Fed. R. Civ. P. 78; Local R. 7-15. After reviewing the moving and opposing papers, the Court hereby DENIES Plaintiff's motion.

I.   Background

   On May 10, 2006, Debra Letvinuck ("Plaintiff") filed an ERISA action against Aetna Life Insurance Company ("Aetna") and The Boeing Company Employee Health and Welfare Benefit Plan (collectively, "Defendants") for disability benefits. On October 16, 2006, the parties submitted a Joint Scheduling Conference Report, in which Plaintiff "reserve[d] the right to submit evidence outside of the Record for the purpose of establishing the nature, extent and effect of Aetna's conflict of interest on the claims decision. Abatie v. Alta Health & Life Insurance Company, [458 F.3d 955, 970 (9th Cir. 2006)]." *Garner Decl.* ¶ 3 & Ex. A at p. 5. The Court then entered a Scheduling Order, setting June 4, 2007 as the discovery cut-off date. *See* Dkt. # 10.

   On or about October 10, 2006, Plaintiff served her First Request for Production of Documents. *See Garner Decl.* ¶ 5 & Ex. C. On or about that same day, Plaintiff served interrogatories upon Defendants. *Id.* Defendants responded to these discovery requests on December 13, 2006. *Id.* at ¶ 5. Then, on or about February 15, 2007, Plaintiff served her Second Request for Production of Documents. *See id.* at ¶ 6 & Ex. E. Defendants responded to

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**#58-2**

**CIVIL MINUTES - GENERAL**

| Case No. | CV 06-2831 PSG (JTLx) | Date | July 28, 2009 |
|---|---|---|---|
| Title | Debra Letvinuck v. Aetna Life Insurance Company | | |

this discovery request on March 19, 2007. *Id.* at ¶ 6. Plaintiff never sought further responses or moved to compel responses. *Id.* at ¶ 7. Nor did Plaintiff propound any additional discovery. *Id.*

Trial commenced on August 21, 2007. During trial, Plaintiff offered evidence that the reviewing physicians utilized by Aetna were not "independent" as claimed by Aetna in its trial briefing. Specifically, Plaintiff proffered deposition evidence from other ERISA actions to prove that these physicians were financially dependent on Aetna.

After briefing and argument, the Court ruled in favor of Defendants. Plaintiff appealed this ruling and, on March 18, 2009, the Ninth Circuit vacated the verdict and remanded the case to this Court. In its opinion, the Ninth Circuit noted that at various points in this Court's opinion, the Court made passing reference to a legal standard that was no longer viable in this circuit. Accordingly, the Court vacated this Court's decision and remanded so that "it [could] properly apply the Abatie standard and clearly consider Aetna's conflict of interest, without imposing undue burdens upon Letvinuck."

On May 11, 2009, the parties appeared before the Court for a status conference, at which time Plaintiff represented that she wished to conduct discovery directed at Aetna's conflict of interest. In light of Defendants' opposition to this request, the Court ordered Plaintiff to file a motion with the Court, which she did, on June 1, 2009. In her motion, Plaintiff specifically requests the following discovery from Aetna:

1. The compensation paid by Aetna to each of the reviewing physicians, on a yearly basis, from 2003 to 2007.

2. The number of reports these reviewing physicians provided to Aetna on a yearly basis from 2003 to 2007.

3. Production of reports (redacted to remove identifying information) provided to Aetna and these physicians for the services performed for Aetna.

4. The contracts (or any other documentation of the agreement to perform services) between Aetna and these physicians for the services performed for Aetna.

5. Curriculum vitae or resumes of the reviewing physicians which reflect their professional activities and clinical practice.

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

#58-2

CIVIL MINUTES - GENERAL

| Case No. | CV 06-2831 PSG (JTLx) | Date | July 28, 2009 |
|---|---|---|---|
| Title | Debra Letvinuck v. Aetna Life Insurance Company | | |

II.  Discussion

As an initial matter, the Court notes that the Ninth Circuit did not remand this case with directions that the Court must take additional evidence. While the Ninth Circuit's statement that the Court should "clearly consider Aetna's conflict of interest, without imposing undue burdens upon Letvinuck" is somewhat confusing, a careful reading of the remand order evidences that the only mandate in the Ninth Circuit opinion is the direction to properly apply the facts of the case to the *Abatie* standard. Nevertheless, this Court has the discretion to determine whether Plaintiff's motion to reopen discovery upon remand should be granted. *See Walling v. Jacksonville Paper Co.,* 317 U.S. 564, 572, 63 S. Ct. 332, 87 L. Ed. 460 (1943) (noting that whether additional evidence must be taken on any phase of a case is a question for the district court upon remand); *Rochez Bros., Inc. v. Rhoades*, 527 F.2d 891, 894 n.6 (3d Cir. 1975); *cf. Hawkeye Commodity Promotions, Inc. v. Vilsack,* 486 F.3d 430, 443 (8th Cir. 2007) (observing that a motion to reopen discovery after trial is committed to the sound discretion of the trial court).

Plaintiff's main argument in support of her motion is that the nature of ERISA litigation has changed substantially with the *Abatie* decision and its progeny. Specifically, she cites to a recent Ninth Circuit decision, *Nolan v. Heald College*, 551 F.3d 1148 (9th Cir. 2009), which she claims is the first time that the Ninth Circuit held that evidence regarding the financial ties between medical reviewers and insurers is relevant. Thus, she suggests, because ERISA litigation is different now than it was when she first litigated the case, the Court should afford her an opportunity to present evidence that she was otherwise deprived of presenting in the first instance.

The Court disagrees with Plaintiff's contention that the legal landscape has shifted so significantly since *Abatie* was decided that the reopening of discovery is warranted. Notably, Plaintiff points to no Ninth Circuit decision issued between *Abatie* and *Nolan* in which the Ninth Circuit held that evidence regarding the financial ties between medical reviewers and insurers is irrelevant. Moreover, Plaintiff's position is belied by the record. Plaintiff attempts to paint *Nolan* as this monumental decision that changed the way plaintiffs in ERISA actions conduct discovery. But clearly this is not true, for Plaintiff's own counsel, *prior to Nolan*, propounded interrogatories to Defendants touching upon this very same issue in other unrelated actions. *See Chandler Decl.* Ex. C. Moreover, *Abatie* clarified, in unequivocal language, that a district court could "consider evidence outside the administrative record" to decide the conflict's "nature, extent, and effect on the decision-making process." 458 F.3d at 970. Obviously, Plaintiff

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**#58-2**

**CIVIL MINUTES - GENERAL**

| Case No. | CV 06-2831 PSG (JTLx) | Date | July 28, 2009 |
|---|---|---|---|
| Title | Debra Letvinuck v. Aetna Life Insurance Company | | |

interpreted *Abatie* to allow for the introduction of evidence concerning the reviewing physicians' financial ties to Aetna and their clinical experience, otherwise Plaintiff would not have introduced evidence on those points at trial. Thus, contrary to Plaintiff's suggestion otherwise, the record supports an inference that she was in fact aware that this type of evidence could, at the very least, possibly be relevant when she took this case to trial.

It is well established that a party who fails to introduce at trial all evidence necessary to obtain judgment has generally made a fatal error. *See, e.g., Castaneda v. Partida,* 430 U.S. 482, 497-500, 97 S. Ct. 1272, 51 L. Ed. 2d 498 (1977); *Natural Res. Def. Council, Inc. v. Texaco Refining & Mktg., Inc.,* 2 F.3d 493, 504 (3d Cir. 1993). This rule applies equally here, where the case was decided after a full trial and after both parties had ample opportunity to conduct discovery on the relevant issues. Cases are not ordinarily remanded to give a party the opportunity to supply missing evidence. *Rochez-Bros.*, 527 F.2d at 894. The Court fails to see why, under the present circumstances, it should make an exception to the general rule. *See also Nidds v. Schindler Elevator Corp.*, 113 F.3d 912, 921 (9th Cir. 1998) ("Moreover, the district court does not abuse its discretion by denying further discovery if the movant has failed diligently to pursue discovery in the past.").

Additionally, even if the Court were to follow the parties' suggestion and apply those factors articulated in *United States ex rel. Schumer v. Hughes Aircraft Co.*, 63 F.3d. 1512, 1526 (9th Cir. 1995), the Court would nevertheless reach the same result. These factors are (1) whether trial is imminent; (2) whether the request is opposed; (3) whether the non-moving party would be prejudiced; (4) whether the moving party was diligent in obtaining discovery within the guidelines established by the court; (5) the foreseeability of the need for additional discovery; and (6) the likelihood that the discovery will lead to relevant evidence. *Id.* At least three of these factors weigh against reopening discovery. First, the request is opposed. Second, prior to trial, Plaintiff was given exactly what she requests now: an opportunity to conduct discovery on the nature, extent and effect of Aetna's alleged conflict of interest. Plaintiff did in fact conduct that discovery. Yet, importantly, she does not ever explain why she did not, in the first instance, seek the evidence she seeks now. And, third, it cannot be said that the need for the information sought could not have been foreseen. As discussed above, Plaintiff introduced evidence at trial similar to that which she now seeks. In short, Plaintiff has not sufficiently established that the Court should reopen discovery.

III.     Conclusion

Based on the foregoing, the Court DENIES Plaintiff's Motion to Reopen Discovery.

**O**

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**#58-2**

## CIVIL MINUTES - GENERAL

| Case No. | CV 06-2831 PSG (JTLx) | Date | July 28, 2009 |
|---|---|---|---|
| Title | Debra Letvinuck v. Aetna Life Insurance Company | | |

**IT IS SO ORDERED.**