O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

#136

CIVIL MINUTES - GENERAL

| Case No. | CV 06-2831 PSG (JTLx) | Date | December 2, 2011 |
|---|---|---|---|
| Title | Debra Letvinuck v. Aetna Life Insurance Company, *et al.* | | |

| Present: | The Honorable Philip S. Gutierrez, United States District Judge | | |
|---|---|---|---|
| Wendy K. Hernandez | | Not Present | n/a |
| Deputy Clerk | | Court Reporter | Tape No. |

Attorneys Present for Plaintiff(s):          Attorneys Present for Defendant(s):

Not Present                                                Not Present

**Proceedings:**     (In Chambers) Order Granting Plaintiff's Motion for Prejudgment Interest

Before the Court is Plaintiff Debra Letvinuck's ("Plaintiff") motion for an award of prejudgment interest. The Court finds the matter appropriate for decision without oral argument. Fed. R. Civ. P. 78; L.R. 7-15. Having considered the papers filed in support of and in opposition to the motion, the Court GRANTS the motion.

I.     Background

On May 10, 2006, Plaintiff filed this action asserting claims for wrongful denial of benefits pursuant to the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 *et seq.* On June 22, 2011, the Ninth Circuit reversed this Court's judgment in favor of Defendants and remanded with instructions to direct an award of benefits to Plaintiff. *See* Dkt. # 121 (July 14, 2011). The parties have agreed that the amount of past due benefits, up to the June 22, 2011 judgment-date, is $135,025.96. *See Mot.* 2:5-7. The parties also agree that Plaintiff's net monthly benefit, after offset of her Social Security Award, is $2,116.95. Plaintiff now seeks an award of prejudgment interest in the amount of $45,088.86 as an element of damages occasioned by Aetna's improper benefits denial. *See Mot.*

II.     Legal Standard

"A district court may award prejudgment interest on an award of ERISA benefits at its discretion." *Blankenship v. Liberty Life Assurance Co. of Boston*, 486 F.3d 620, 627 (9th Cir.

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

#136

CIVIL MINUTES - GENERAL

| Case No. | CV 06-2831 PSG (JTLx) | Date | December 2, 2011 |
|---|---|---|---|
| Title | Debra Letvinuck v. Aetna Life Insurance Company, *et al.* | | |

2007). Whether to award prejudgment interest "is a question of fairness, lying within the court's sound discretion, to be answered by balancing the equities." *See Shaw v. International Association of Machinists*, 750 F.2d 1458 (9th Cir.1985). Appropriate considerations include whether the "financial strain" of paying prejudgment interest would injure other plan beneficiaries, and whether the defendants acted in bad faith. *See id.*; *see also Dishman v. UNUM Life Ins. Co. of America*, 269 F.3d 974, 988 (9th Cir. 2001). "Although a defendant's bad faith conduct may influence whether a court awards prejudgment interest, it should not influence the rate of the interest." *Blankenship*, 486 F.3d at 628. Generally, the interest rate prescribed for post-judgment interest under 28 U.S.C. § 1961 is appropriate for fixing the rate of pre-judgment interest unless the trial judge finds, on substantial evidence, that the equities of that particular case require a different rate. *See id.* (citing *Grosz-Saloman v. Paul Revere Life Ins. Co.*, 237 F.3d 1154, 1164 (9th Cir. 2001) (quoting *Nelson v. EG & G Energy Measurements Group, Inc.*, 37 F.3d 1384, 1391 (9th Cir. 1994). "Substantial evidence" has been defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Blanton v. Anzalone*, 813 F.2d 1574, 1576 (9th Cir. 1987) (quoting *Transgo, Inc. v. Ajac Transmission Parts Corp.*, 768 F.2d 1001, 1014 (9th Cir. 1985)).

"The court may compensate a plaintiff for 'the losses [s]he incurred as a result of [the defendant's] nonpayment of benefits.'" *Blankenship*, 486 F.3d at 628 (quoting *Dishman*, 269 F.3d at 988). Thus, deviations from the standard Treasury bill rate have been upheld upon a showing that the plaintiff was required to substitute his own personal funds for improperly withheld benefits, and that those funds would otherwise have earned returns above the Treasury bill rate. *See id.* (affirming an award of prejudgment interest at a rate of 10.01 percent, compounded monthly, where substantial evidence supported the district court's finding that the plaintiff was forced to replace his $6,093.82 monthly-benefit with personal funds from a Vanguard mutual fund earning interest at that rate). However, "prejudgment interest is an element of compensation, not a penalty." *See Dishman*, 269 F.3d at 988. Accordingly, a plaintiff is not entitled to interest above the statutory rate upon a mere showing that the defendant obtained a higher rate of return on the wrongly withheld benefits. *See id.*

III.     Discussion

In this case, Plaintiff seeks an award of prejudgment interest above the Treasury bill rate "to compensate her for interest which she was required to pay on loans she took out as a consequence of Aetna's termination of her benefits." *See Mot.* 2:9-12. Specifically, Plaintiff

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**#136**

**CIVIL MINUTES - GENERAL**

| Case No. | CV 06-2831 PSG (JTLx) | Date | December 2, 2011 |
|---|---|---|---|
| Title | Debra Letvinuck v. Aetna Life Insurance Company, *et al.* | | |

avers that her "household obligations depended upon two incomes," and that as a consequence of Defendant's claim decision and the attendant financial strain, she accessed a Home Equity Line and a "signature loan" with her credit union. *See Letvinuck Decl.* ¶¶ 4, 5.

Plaintiff fails to cite any cases applying a different rate based on the interest *paid* on a loan, rather than the interest that could have been *earned* on an investment. *See Mot.* 4:11-14 (citing *Blankenship*, 486. F.3d at 628). Prejudgment interest is intended to account for the lost investment potential of wrongly withheld benefits. *See Nelson*, 37 F.3d 1384, 1391 (9th Cir. 1994). While the language in *Blankenship* broadly declares that a court may compensate a plaintiff through an award of prejudgment interest for losses sustained due to non-payment, *Blankenship* is not perfectly analogous. In that case, the Plaintiff withdrew funds from his own personal account which was then earning interest at the higher rate. Thus, unlike the present case, the enhanced award remained in the nature of compensation for the lost investment potential of the withdrawn funds. Admittedly, this distinction creates a potential inequity in that well-financed plaintiffs who borrow from their own investment vehicles may recover enhanced interest, while those who must borrow from a third-party lender may be limited to the statutory rate of return, even if the statutory rate is below that charged by the third-party lender. The Court need not determine this issue, however, as Plaintiff fails to submit substantial evidence showing her proposed rate is warranted.

Plaintiff attaches a summary of withdrawals made against the Home Equity Line to her declaration. *See Letvinuck Decl.*, Ex. A. The summary demonstrates that she first accessed the Home Equity Line in August 2006, and that the interest rates charged varied between 8.25% and 3.25%. *See id.* In addition to the Home Equity Line, Plaintiff also made withdrawals against an unsecured "signature loan" with her Credit Union at a fixed interest rate of 11%. *See id.* ¶ 5. Plaintiff first accessed the "signature loan" in September 2005, the month that Defendant stopped paying benefits. *See id.* The debt from both credit sources was repaid sometime in 2009. *See id.* ¶¶ 4-5. Accordingly, Plaintiff claims entitlement to interest at an average rate of

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**#136**

**CIVIL MINUTES - GENERAL**

| Case No. | CV 06-2831 PSG (JTLx) | Date | December 2, 2011 |
|---|---|---|---|
| Title | Debra Letvinuck v. Aetna Life Insurance Company, *et al.* | | |

8.375%.[1]  In the alternative, Plaintiff requests interest "at the annual Treasury Bill rates, on an annual compounded basis." *See Reply* 7:9-14.

The Court agrees that some measure of prejudgement interest is necessary to fully compensate Plaintiff for her injuries.  There is no evidence that Aetna would suffer financial hardship by paying prejudgment interest to Plaintiff, nor that any other beneficiary of the plan would suffer as a result.  *See Fleming v. Kemper Nat. Services, Inc.*, 373 F. Supp. 2d 1000, 1013 (N.D. Cal. 2005); *Chandler Decl.*, Ex. B.  Plaintiff has been without benefits to which she was entitled for over six years, and, as the Treasury bill rates submitted by Plaintiff indicate, the interest Plaintiff could have earned during this time significantly exceeds today's rates.  *See Chandler Decl.*, Ex. A.  Defendant does not dispute Plaintiff's entitlement to prejudgment interest, but contends the award should be at the rate prescribed by 28 U.S.C. § 1961, not higher.  *See Opp.* 1:5-7.[2]  While the Court disagrees with Defendant that Plaintiff's request for enhanced interest is "based on Aetna's ability to pay alone," s*ee Opp.* 2:18-20, the Court nonetheless finds that Plaintiff fails to submit competent evidence entitling her to either the $45,088.86 requested or the 8.375% enhanced rate.

Regarding the total award sought, the Court notes that the $45,088.86 figure approximates the amount of prejudgement interest calculated by applying the elevated rate to the entire $135,025.96 (representing net monthly benefits of $2,116.95) compounded annually over the prejudgment period.  Although Plaintiff avers she was forced to borrow some money as a

---

[1]Plaintiff actually requests interest at an average rate of 8.75%.  Plaintiff's calculation, however, appears to be in error as she arrives at the 8.75% rate by first averaging the 3.25% and 8.25% Home Equity Line rates, "for an average of 6.5%," and then averaging that figure with the 11% signature loan rate.  *See Mot.* 3:3-6.  The Court notes that the mean of 3.25% and 8.25% is equal to 5.75%, not 6.5%.  Accordingly, Plaintiff's second calculation is also incorrect.  Applying the correct figures to the metric set forth in the motion, the Court assumes Plaintiff intended to seek interest at the rate of 8.375%.

[2]As noted above, while a defendant's bad faith conduct may be relevant to the threshold decision of whether to award prejudgment interest, "it should not influence the rate of interest" awarded.  *See Dishman*, 269 F.3d at 988.  Because Aetna concedes the threshold inquiry of Plaintiff's entitlement, the Court need not consider whether Aetna acted in bad faith.

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**#136**

**CIVIL MINUTES - GENERAL**

| Case No. | CV 06-2831 PSG (JTLx) | Date | December 2, 2011 |
|---|---|---|---|
| Title | Debra Letvinuck v. Aetna Life Insurance Company, *et al.* | | |

result of Defendant's nonpayment, *see Letvinuck Decl.* ¶¶ 3-4, the evidence submitted demonstrates that Plaintiff did not borrow the full amount of her benefits entitlement or maintain the negative balance for the duration of the prejudgment period. *See id.*, Ex. A. Plaintiff also fails to present competent evidence that she otherwise could have invested the difference at the 8.375% rate, thereby justifying its application to the full unpaid benefits award for the entire prejudgment period. *See Blankenship*, 486 F.3d at 628. Thus, even assuming 8.375% represents a meaningful average rate, Plaintiff has failed to show that its application to the total unpaid benefits award is commensurate with an attempt to compensate Plaintiff for "the losses [she] incurred as a result of [the defendant's] nonpayment." *See id.*

Moreover, the 8.375% rate itself is not adequately substantiated, as it is based on a straight average of the mean Home Equity Line rate (5.75%) and the signature loan rate (11%). The account summary shows that Plaintiff, understandably, drew more heavily on the low-interest Home Equity Line and repaid the balance on the signature loan with greater frequency. Accordingly, an equal weighting of the two rates does not suitably approximate the average rate paid. Indeed, the error in Plaintiff's proposal is aptly demonstrated by the fact that while Plaintiff seeks a $45,088.86 award, her own account summary shows that she paid only $2,295.82 in interest on the loans. *See Letvinuck Decl.*, Ex. A. Accordingly, deviation from the statutory rate is unsupported. *See Blanton*, 813 F.2d at 1576 (9th Cir. 1987).

The Court will, however, grant Plaintiff's alternative request for prejudgment interest pursuant to 28 U.S.C. § 1961. In determining this figure, the applicable interest rate is the one in effect immediately prior to the date of the wrongful conduct, which in this case is Defendant's failure to pay monthly benefits in the amount of $2,116.95. *See Nelson*, 37 F.3d 1384, 1391 (9th Cir. 1994) (holding prejudgment interest on a lump-sum benefit payment was properly calculated by applying the average 52-week treasury bill rate operative prior to the date of injury, and then recalculating the rate annually, "as though the plaintiffs had invested the withheld funds at the 52-week Treasury bill rate and then reinvested the proceeds annually at the new rate"). "This makes good sense because pre-judgment interest is intended to cover the lost investment potential of funds to which the plaintiff was entitled, from the time of entitlement to the date of judgment. It is the Treasury bill rate during this interim that is pertinent, not the Treasury bill rate at the time of judgment." *See id.* Therefore, pursuant to 28 U.S.C. § 1961, Plaintiff is entitled to interest equivalent to that which would have accrued had she invested her benefits at a rate equal to the weekly average 1-year constant maturity Treasury yield on the date the benefits were due to her, and then reinvested the proceeds annually at a rate equal to the

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**#136**

**CIVIL MINUTES - GENERAL**

| Case No. | CV 06-2831 PSG (JTLx) | Date | December 2, 2011 |
|---|---|---|---|
| Title | Debra Letvinuck v. Aetna Life Insurance Company, *et al.* | | |

weekly average 1-year constant maturity Treasury yield at the time of the reinvestment, up to the date of judgment. *See Caplan v. CNA Financial Corporation*, 573 F. Supp. 2d 1244, 1253-54 (N.D. Cal. 2008).

IV.     CONCLUSION

Based on the foregoing, the Court GRANTS Plaintiff's motion for prejudgment interest. Defendants are ordered to pay Plaintiff pre-judgment interest on her disability benefits, to be calculated as specified in this Order. Plaintiff is directed to submit a proposed judgment by **December 16, 2011** that properly calculates the amount of prejudgment interest.

**IT IS SO ORDERED.**